**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR425-129 |
| | ) | |
| JOHN ALEX PETERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

Defendant John Alex Peterson is charged with a single count of possession of a firearm by a prohibited person. *See* doc. 1 (Indictment). He has moved to suppress the firearm at issue, which, as discussed below, was seized from his person after he was stopped by Savannah, Georgia Police officers. *See* docs. 22 & 27. The Government responded in opposition. Doc. 30. On May 7, 2026, the Court held a hearing on Defendant's Motion at which several of the officers involved in the stop testified. *See* doc. 32 (Minute Entry). For the reasons explained below, Peterson's Motion should be **DENIED**. Docs. 22 & 27.

Defendant does not dispute that he was stopped by Savanah Police on February 19, 2025. *See* doc. 22 at 1. He also acknowledges that the stop was purportedly justified by the observations of an

1

undercover officer, Detective Owino.  *Id.*  Owino testified at the hearing that he was conducting undercover surveillance of a known high-crime area on February 19.  He observed an individual, who he subsequently identified as the Defendant, smoking what he determined, based on the smell and his experience, to be marijuana.  He also testified that he observed the Defendant reach into a blue backpack he was wearing and manipulate a glass jar containing a green leafy material.  He broadcast his observations, including a description of the individual, to other members of his squad, who were in marked police vehicles.  Two of those officers, Maxwell and Griffie, testified at the hearing that, based on Owino's report, they conducted a stop of an individual matching the description on the same block.  The officers' testimony, supported by body-worn camera video, shows that the individual they stopped was the Defendant.  The video records the officers seizing a firearm that was tucked into the waistband of Defendant's pants.  Finally, they testified that a search of Defendant's backpack revealed a glass jar containing marijuana and a search of his person revealed additional narcotics.

Before discussing whether the stop at issue was permissible under the Fourth Amendment, the Court must address arguments that

2

Defendant raised, both in his Motion and in his oral argument at the hearing. He suggests that Detective Owino's testimony is inherently incredible because Defendant "lives in the neighborhood in which he was walking[,] . . . has specific recollection of which individual vehicles were parked in front of which houses and would naturally recognize a vehicle that appeared out of place." Doc. 27 at 2. In such circumstances, he contends, "it is unlikely that [he] would have handled marijuana, much less lit and smoked marijuana near a vehicle that he knew or had grave suspicion was an undercover vehicle." *Id.* at 2-3. Whatever the value of Defendant's assumptions about what behavior might or might not be reasonable, his suggestion is irrelevant to the Court's analysis because it depends on facts that are not supported by any evidence. "Statements by counsel in briefs are not evidence." *Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013) (internal quotation marks and citation omitted). There is no evidence in the record about where Defendant lives, his familiarity with vehicles, or his discretion in consuming marijuana. Since the predicate facts are wholly unsupported, the suggested inferences do nothing to undermine any witness's testimony.

The Court finds Det. Owino's testimony entirely credible.[1]   He clearly and unequivocally testified that he observed Defendant smoking near his unmarked vehicle and that he clearly detected the odor of marijuana, with which he was familiar from his law enforcement training and experience.   He also clearly and unequivocally testified about the location of his car and Defendant's activities subsequent to his initial observation.   He testified that he reported his observations and a description of Defendant, discussed in more detail below, to other officers in marked units.   His testimony was clear that he detected the marijuana odor despite the fact that the windows of his vehicle were closed.   While other officers provided some vague and equivocal testimony concerning whether his windows were open or closed, their uncertainty does not diminish the credibility of Owino's testimony in any way.   Based on the facts established in Owino's credible testimony,

---

[1]   Even if Defendant's argument concerning the reasonableness of his reported conduct were supported by more than his attorney's statements, the Court would still find Detective Owino's testimony entirely credible.   While the Court appreciates Defendant's argument that his reported conduct was imprudent, it would not render Owino's testimony "so inconsistent or improbable on its face," that the Court cannot accept it. *See, e.g., United States v. Maddox*, 803 F.3d 1215, 1220 (11th Cir. 2015).

it is clear that the subsequent stop was supported by, at least, reasonable suspicion.

Interactions between law enforcement and citizens generally fall into three categories: "(1) brief, consensual and non-coercive interactions that do not require Fourth Amendment scrutiny; (2) legitimate and restrained investigative stops short of arrests to which limited Fourth Amendment scrutiny is applied; and (3) technical arrests, full-blown searches or custodial detentions that lead to a stricter form of Fourth Amendment scrutiny." *United States v. Perkins*, 348 F.3d 965, 969 (11th Cir. 2003) (internal citations omitted). Interactions of the second type require "reasonable suspicion," as articulated in *Terry v. Ohio*, 392 U.S. 1 (1968), and allow law enforcement to briefly detain, for investigative purposes, an individual that they reasonably suspect to be engaged in a criminal activity. *See United States v. Hensley*, 469 U.S. 221, 229 (1985) ("[I]f police have a reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a completed felony, then a *Terry* stop may be made to investigate that suspicion."). Reasonable suspicion is a lower standard than probable

5

cause, *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000); "requir[ing] that the totality of the circumstances create, at least, some minimal level of objective justification for the belief that the person engaged in unlawful conduct." *United States v. Blackman*, 66 F.3d 1572, 1576 (11th Cir. 1995).

Crediting Owino's testimony that he observed Defendant smoking and detected an odor he identified as marijuana, it is clear that Owino had at least reasonable suspicion sufficient to justify a *Terry* stop.[2] It is well-established that "the smell of marijuana alone may provide a basis for reasonable suspicion for further investigation of possible criminal conduct . . . ." *United States v. White*, 593 F.3d 1199, 1203 (11th Cir. 2010). His argument that the stop lacked reasonable suspicion, therefore, fails.

---

[2] The parties' briefing and arguments at the hearing focused on whether the officers had reasonable suspicion, and the Court has limited its consideration to that issue. To the extent that the stop, at some point, became an arrest, Owino's observation of Defendant smoking what he reasonably concluded was marijuana would also provide probable cause sufficient to justify an arrest. *See, e.g., United States v. Giles*, 2008 WL 11449123, at *6 (N.D. Ga. July 17, 2008) ("And, at the point that the officers detected the odor of marijuana, they had probable cause to arrest . . ."). *Cf.* doc. 30 at 6 ("Based on Officer Owino's observations, there was probable cause, and, *a fortiori*, reasonable suspicion that criminal activity was afoot . . . .").

Defendant also argues that, in evaluating the legitimacy of the stop, the Court must consider whether the description of Defendant that Owino provided to other officers by radio was sufficiently specific to support the seizing officers' reasonable suspicion. *See* doc. 27 at 3-4. However, that argument mistakes the effect of the "collective knowledge" doctrine. Owino positively identified Defendant as the individual that he observed smoking what he concluded from the odor to be marijuana. He also testified that the observed, although he did not participate in, the stop. Finally, he testified that the individual stopped was, in fact, the same individual that he reported.

"Reasonable suspicion is determined from the totality of the circumstances and collective knowledge of the officers." *United States v. Nunez*, 455 F.3d 1223, 1226 (11th Cir. 2006). Owino's credible testimony that the Defendant was both the individual who he observed smoking marijuana and the individual that was stopped was within the "collective knowledge" of the officers, including those who conducted the stop. Moreover, even assuming that Owino's direct identification were not alone sufficient, the description that he provided over the radio would have been sufficient for the other officers to identify Defendant.

Both Officers Maxwell and Griffin testified that the radio broadcast provided a description of Defendant's clothes, backpack, and location. The Eleventh Circuit has recognized that even if a description may be "far from a model of clarity," it is not, therefore, "prohibitively vague." *United States v. Webster*, 314 F. App'x 226, 229 (11th Cir. 2008). There is no indication that there were any other individuals in the area that matched the description Det. Owino provided and, given that Owino reported the suspect was walking, Defendant's argument that his precise location, *i.e.* whether Defendant was in the street or on the sidewalk, *see, e.g.,* doc. 27 at 1, would not render the description "prohibitively vague," even if Owino were not observing the stop to confirm Defendant's identity. *See, e.g., United States v. Bailey*, 743 F.3d 322, 333 (2d Cir. 2014) (description of suspects as "short-haired, stocky, black male[s]," coupled with location information was not too vague to support a *Terry* stop). Given the officers' collective knowledge of Defendant's identity, and the independent sufficiency of Det. Owino's description, Defendant's argument that officers lacked reasonable suspicion also fails. *See, e.g.,* doc. 27 at 4.

8

In summary, the Court finds Detective Owino's testimony that he observed Peterson smoking what he determined, based on the smell, to be marijuana to be entirely credible. Because Owino observed Defendant smoking what he reasonably believed to be marijuana, he had more than sufficient reasonable suspicion to conduct a *Terry* stop. Moreover, the officers who actually conducted that stop had sufficient reasonable suspicion to stop Peterson based both on their collective knowledge of his identity and Owino's sufficient, albeit somewhat vague, description communicated by radio. Accordingly, Defendant's Motion to Suppress the firearm discovered as a result of the *Terry* stop should be **DENIED**. Docs. 22 & 27.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 22nd day of May, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA